

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2005

# USA v. Santana

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Santana" (2005). *2005 Decisions.* Paper 1074.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1074

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No: 03-3594

_____

UNITED STATES OF AMERICA

v.

JONATHAN SANTANA,

Appellant.

_____

On Appeal from the United States District Court
for the District of Delaware
District Court No. 01-cr-00073
District Judge: The Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2005

Before: ROTH and CHERTOFF,* *Circuit Judges*, and SHAPIRO,** *District Judge.*

(Filed June 2, 2005)

_____

* Judge Chertoff resigned prior to the time the opinion was filed. The opinion is filed by a quorum of the panel. 28 U.S.C. § 46(d).

**Honorable Norma L. Shapiro, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION

SHAPIRO, *District Judge*.

Jonathan Santana ("Santana") pled guilty to distribution of crack cocaine base and was sentenced to 70 months imprisonment. Santana now appeals his sentence.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 9, 2001, Santana was indicted on three counts of distribution of more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). He pled guilty to Count II of the indictment, and Counts I and III were dismissed. In the plea agreement, Mr. Santana admitted distributing approximately 28 grams of crack cocaine. He also stipulated that the total amount of crack cocaine attributable for sentencing was over 50 but less than 150 grams. The pre-sentence report set his base offense under the Sentencing Guidelines ("Guidelines") at level 32 for his distribution of 77.98 grams, but recommended downward adjustments resulting in a final offense level of 27 with criminal history category I. The District Court sentenced Mr. Santana within the Guidelines range to 70 months imprisonment, three years of supervised release, and a $100.00 special assessment.

After Mr. Santana was sentenced, the Supreme Court decided *Blakely v. Washington*, 124 S.Ct. 2531 (2004), striking down the State of Washington's sentencing

guidelines laws as violative of the Sixth Amendment under *Apprendi v. New Jersey*, 530

U.S. 466 (2000) (any fact raising the sentence beyond the prescribed statutory maximum

must be submitted to a jury and proved beyond a reasonable doubt). Santana brought this

appeal arguing the Guidelines are unconstitutional under *Blakely* and *Apprendi*. After

Santana submitted his appeal, the Supreme Court decided *United States v. Booker*, 125

S.Ct. 738 (2005), holding the Guidelines unconstitutional unless advisory only. This

court requested and received additional briefing from the parties regarding the effect of

*Booker* on this appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This

Court has appellate jurisdiction under 28 U.S.C. § 1291.

Santana did not object to his sentence in the District Court. Under the plain error

test of Federal Rule of Criminal Procedure 52(b), where there is an error that is plain, and

affects substantial rights, an appellate court may correct an error not raised at trial, but

only if the error seriously affects the fairness, integrity, or public reputation of judicial

proceedings. *United States v. Cotton*, 535 U.S. 625 (2002); *Johnson v. United States,*

520 U.S. 461, 466-467 (1997).

## III. DISCUSSION

Because this appeal was pending on direct review when *Booker* was decided, we

apply the ruling of that case. Under *Booker* and *Apprendi*, a sentence may be based on

facts admitted by the defendant. *Booker*, 125 S.Ct. at 756. Because Santana's sentence was based on facts admitted by him in the plea agreement, his sentence was not in violation of the Sixth Amendment. *See United States v. Murdock*, 398 F.3d 491, 501-502 (6th Cir. 2005). However, *Booker* also held that mandatory application of the Guidelines is unconstitutional. *Id.* The District Court's mandatory application of the guidelines was therefore in error.

From the record, we cannot determine whether that error had a substantial effect in determining the sentence. In light of the determination of the judges of this Court that the sentencing issue is best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*. *United States v. Davis*, 397 F.3d 173, 183 (3d Cir. 2005); *United States v. Ordaz*, 398 F.3d 236, 239 (3d Cir. 2005).

## IV. CONCLUSION

For the reasons set forth above, we **VACATE** the judgment of sentence and **REMAND** this case for resentencing.